Filed 1/31/23  P. v. Shannon CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B317574 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA104786) |
| v. | |
| DANIEL L. SHANNON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge. Affirmed in part, reversed in part, and remanded with directions.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Daniel Shannon appeals from a judgment entered after a jury found him guilty of (1) elder abuse with personal use of a deadly weapon and (2) assault with a deadly weapon, a rake. In a sentencing memorandum filed before the sentencing hearing, Shannon asserted he had a "significant history of childhood trauma that may have contributed to his crime," and he detailed such history. The trial court imposed what it described as a presumptive middle term sentence of three years for the elder abuse, plus one year for the weapon enhancement. The court imposed and stayed the middle term sentence of three years for the assault with a deadly weapon.

Shannon contends and the Attorney General concedes the matter must be remanded for a new sentencing hearing in light of Penal Code section 1170, subdivision (b)(6),[1] a statutory provision that became effective a few days after Shannon was sentenced and provides for a presumptive lower term sentence where a defendant "has experienced psychological, physical, or childhood trauma" which "was a contributing factor in the commission of the offense." We agree. Although the record shows the trial court was aware of a recent bill that was signed into law that amended section 1170, the record also indicates the trial court was unaware of this particular amendment to section 1170 at the time it sentenced Shannon; and the record does not indicate the court would have imposed a middle term sentence if it had considered the matter under section 1170, subdivision (b)(6).

---

[1] Undesignated statutory references are to the Penal Code.

# BACKGROUND

## I. The Offenses

The victim and his wife owned a triplex apartment building. Two of their tenants reported that people had pitched tents next to the driveway, and the tenants were afraid of the occupants of the tents. On June 24, 2021, the victim, who was then 81 years old, drove to the property to assess the situation. Once there, he approached a woman and a man in a tent and told them they had to leave the area. The woman walked away, and the man closed the entrance to the tent.

Thereafter, the victim had a physical confrontation with another tent dweller whom the victim identified at trial as defendant Shannon. The victim could not remember at trial how the confrontation unfolded, but the prosecutor played for the jury videos of the event, and the victim testified to what he remembered. The videos showed the victim and Shannon talking. Shannon pushed the victim, and the victim told Shannon he had committed an assault. Shannon said to the victim, " 'Get out of here,' " and he pushed the victim again, causing the victim's shoe to come off his foot.

The victim retrieved his cell phone and began filming so he could show his wife the scene and identify the person who had assaulted him. Shannon reached for the phone and the victim dropped it. Then, Shannon picked up a rake and repeatedly struck the victim on his head, shin, back, and hand, while hurling insults at the victim. One of the victim's tenants called the police. As a result of this incident, the victim suffered an injured finger and knee, gashes on his knee and hand, a bruise on his arm, red marks on his face and back, puncture marks on his shoulder, wounds on his arm and shin, pain in his head, and hearing loss.

An information, filed September 2, 2021, charged Shannon with one count of elder abuse (§ 368, subd. (b)(1)) and alleged Shannon personally used a deadly and dangerous weapon, a rake, in the commission of the elder abuse (§ 12022, subd. (b)(1)). The information also charged Shannon with one count of assault with a deadly weapon, the rake. (§ 245, subd. (a)(1).)

## II. Relevant Amendments to Section 1170

On October 8, 2021, before Shannon's trial, the Governor signed Assembly Bill No. 124 (2021-2022 Reg. Sess.; Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (2021-2022 Reg. Sess.; Stats. 2021, ch. 719, § 2), and Senate Bill No. 567 (2021-2022 Reg. Sess.; Stats. 2021, ch. 731, § 1.3) into law. The three bills amended section 1170, effective January 1, 2022. Senate Bill No. 567 was enacted last, and it incorporated Assembly Bill No. 124's and Assembly Bill No. 1540's amendments to section 1170. (See Stats. 2021, ch. 731, § 3(c).) Thus, Senate Bill No. 567 became the operative legislation, and we will refer to it when referencing applicable amendments to section 1170. (See Gov. Code, § 9605, subd. (b).)

Relevant here, Senate Bill No. 567 added current subdivision (b)(6) to section 1170, which provides in pertinent part: "Notwithstanding paragraph (1) [directing that the court impose a sentence not to exceed the middle term of a sentencing triad except as provided in subdivision (b)(2)], and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood

4

trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. . . ."

Senate Bill No. 567 also added current subdivision (b)(2) to section 1170, referenced above, which provides in pertinent part: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

## III. Verdicts and Sentencing

The jury found Shannon guilty of elder abuse and found true the special allegation that in the commission of the elder abuse Shannon personally used a deadly and dangerous weapon. The jury further found Shannon guilty of assault with a deadly weapon, a rake.

The district attorney filed a sentencing memorandum, urging the trial court to sentence Shannon to four years in state prison, the middle term of three years for the elder abuse, plus one year for the weapon enhancement. The district attorney asserted there were no factors in mitigation but there were factors in aggravation, including factors related to the offenses (e.g., that the victim was particularly vulnerable) and factors related to Shannon's criminal history.

Defense counsel filed a sentencing memorandum, asking the trial court to consider certain factors in mitigation when sentencing Shannon, including that "Shannon has a significant history of childhood trauma that may have contributed to his crime." Counsel set forth a one-page description of such history

5

in the memorandum, including that Shannon witnessed the death of his 15-year-old sister when he was five years old and sometime thereafter was placed in a mental health institution until he turned 18. Counsel did not propose in the sentencing memorandum that the trial court impose a particular sentence.

In the sentencing memoranda, neither side referenced the recently enacted, but not yet effective, bills that amended section 1170.

The sentencing hearing was held on December 27, 2021, a few days before the amendments to section 1170 referenced above became effective. At the outset of the hearing, the trial court mentioned Senate Bill No. 567, and referenced amended subdivisions (b)(1) and (b)(2) of section 1170, which set forth the circumstances when a court may impose a sentence that exceeds the middle term. After an exchange with the prosecutor about the meaning of these statutory provisions, the court commented: "[T]he way I read all of this is that presumptively the court is to begin with the middle term if the court is going to impose prison or is thinking about prison." Defense counsel cited to the court subdivision (b)(5) of section 1170, which prohibits a court from imposing "an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." This statutory language preceded the amendments to section 1170 at issue here.

The trial court read a statement from the victim. Then, the court discussed Shannon's criminal history and commented that his time in custody in jail and prison for prior convictions did not "deter [further] criminal conduct." The court reiterated its belief that "the midterm is the appropriate starting point" in imposing Shannon's sentence. The court explained it did not find any

6

factors in aggravation that would warrant imposition of an upper term sentence.

The trial court stated it would "hear from [defense counsel] with regard to the low term" and whether the court should impose the one-year term for the weapon enhancement. Defense counsel highlighted the information in Shannon's sentencing memorandum regarding Shannon's history of "childhood trauma," and argued: "So I would ask the court to impose the low term, if the court is going to deny probation, just based on using the other factors from his pretty significant history of childhood trauma." Neither defense counsel nor anyone else referenced newly enacted subdivision (b)(6) of section 1170, which, as discussed above, provides for a presumptive lower term sentence where a defendant "has experienced psychological, physical, or childhood trauma" which "was a contributing factor in the commission of the offense."

After reviewing the circumstances of the offenses on the record, the trial court stated: "Based on [Shannon's criminal] record that I have already read into the record here and the objectives of sentencing, even considering what you [defense counsel] had to say about his -- any mitigating circumstances, the court is going to sentence him to the midterm in this case." Accordingly, the court sentenced Shannon to the middle term sentence of three years for the elder abuse, plus one year for the weapon enhancement, for a total of four years. The court imposed and stayed a concurrent middle term sentence of three years for the assault with a deadly weapon.

## DISCUSSION

Shannon contends and the Attorney General concedes that the matter must be remanded for a new sentencing hearing, so

7

the trial court may consider the matter in light of section 1170, subdivision (b)(6), which provides in pertinent part: "Notwithstanding paragraph (1) [directing that the court impose a sentence not to exceed the middle term of a sentencing triad except as provided in subdivision (b)(2)], and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶]  (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. . . ."

As set forth above, less than three months before Shannon's sentencing hearing, the Governor signed into law Senate Bill No. 567, which added subdivision (b)(6) to section 1170, effective January 1, 2022 (a few days after the hearing).[2]  The trial court referenced Senate Bill No. 567 during the sentencing hearing, but there is no indication the court was aware of the new subdivision (b)(6).  Although the court acknowledged Shannon's assertions that his childhood trauma was a mitigating factor, the court interpreted subdivisions (b)(1) and (b)(2) of section 1170 to mean that the middle term was the presumptive "starting point" in

_____

[2] The parties agree that these amendments to section 1170 apply retroactively to nonfinal judgments.  (See *People v. Garcia* (2022) 76 Cal.App.5th 887, 902 ["We agree with the parties the changes effected by the new legislation [specifying Senate Bill No. 567 and Assembly Bill No. 124] apply retroactively to defendant's case as they are ameliorative in nature and therefore apply to all nonfinal appeals"].)

8

imposing Shannon's sentence.  There is no indication the court considered whether Shannon's asserted childhood trauma was a contributing factor in the commission of the offenses.

As our Supreme Court has explained:  " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.]  In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

We cannot conclude the trial court would have sentenced Shannon to the middle term if it had considered the matter in light of section 1170, subdivision (b)(6).  The court gave no indication that it rejected Shannon's claim of childhood trauma or believed that trauma was not a contributing factor in the commission of the offenses.  And the court stated it found no aggravating circumstances.  Thus, the record does not indicate the court would have declined to impose the lower term if it had been aware of the lower term presumption in section 1170, subdivision (b)(6) for a defendant who has experienced childhood trauma that was a contributing factor in the commission of the offense.  Accordingly, we remand the matter for a new sentencing hearing.

9

## DISPOSITION

The matter is remanded for a new sentencing hearing at which the trial court shall satisfy its statutory obligations under section 1170, subdivision (b)(6).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED

                                                    CHANEY, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.